IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIAM R. HAAS, | ) |
|        Plaintiff/Counter-Defendant | ) |
| v. | ) |
| | ) Civil Action No. 1:10 CV |
| FALMOUTH FINANCIAL, LLC, | ) 565 TSE/IDD |
|        Defendant/Counter-Plaintiff | ) |
| | ) |
| HSC REAL ESTATE HOLDINGS, LLC, | ) |
|        Counterclaim-Plaintiff, | ) |
| v. | ) |
| WILLIAM R. HAAS | ) |
| and | ) |
| LINDA HAAS, | ) |
|        Counterclaim-Defendants. | ) |

**BRIEF IN SUPPORT OF HSC'S MOTION TO STRIKE PORTIONS OF
DECLARATION SUBMITTED BY WILLIAM R. HAAS**

Counterclaim-Plaintiff, HSC Real Estate Holdings, LLC ("HSC"), by and through counsel, files this Brief in Support of its Motion to Strike Portions of Declaration Submitted by William R. Haas.

### I. INTRODUCTION

Mr. Haas has submitted a Declaration and eight exhibits in support of his Opposition to HSC's Motion for Summary Judgment. Several statements in the Declaration as well as the first exhibit should be struck based on a failure to conform to the requirements of Rule 56, Federal

1

Rules of Civil Procedure. In paragraph 4 of the Declaration, Mr. Haas references a 2007 appraisal of his property and attaches a copy of the appraisal as Exhibit 1 to his Declaration. In paragraph 23 of his Declaration, Haas again references the 2007 appraisal of the property. In the same paragraph, Mr. Haas recites the price per acre of an adjacent property which sold in February 2009, as well as the county assessment of this property as of April 2009. Finally, Mr. Haas references the construction of a new school on adjacent property and that "the cost of that school was in the millions of dollars."

The recently revised Rule 56 of the Federal Rules of Civil Procedure requires that material submitted to support a fact must be capable of being offered at trial in admissible form. Fed. R. Civ. P. 56(c)(2). Further, "a declaration used to support or oppose a motion for summary judgment must be made on personal knowledge, set out facts that would be admissible into evidence and show that the affiant or declarant is competent to testify on the matter stated." Fed. R. Civ. P. 56(c)(4). The foregoing materials do not meet these standards and should be struck from the Declaration on this basis.

## II. ARGUMENT

### A. The appraisal attached as Exhibit 1 as well as all portions of Haas's Declaration which reference the appraisal should be struck.

HSC and Falmouth Financial, LLC ("Falmouth") have moved for summary judgment based on the Haases' failure to establish any evidence that demonstrates their ability to tender. In an effort to manufacture a disputed fact, Haas attaches an almost four year old appraisal reciting the value of his property. This evidence cannot be presented in a form which would be admissible in evidence at trial. First, Haas has failed to designate any expert witnesses to testify

as to the current (or past) value of this property. The appraisal was also not designated by Haas as a trial exhibit. Second, the fair market value of the property in January of 2007 is irrelevant as to the current fair market value of the property, and the Haases' ability to sell the property to raise proceeds for tender. The appraisal itself is written hearsay not subject to any recognized exception which would render it admissible. Finally, the appraisal is not authenticated by and attached to an affidavit. *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993).[1]

      B.      **Paragraph 23 of Haas's Declaration contains assertions of fact which should be struck.**

The second sentence of paragraph 23 of the Declaration which references the appraised value of the property in 2007 should be struck for the reasons set forth above. The third sentence of this paragraph references the price per acre of adjacent property which sold in 2009. This statement recites information which can only be characterized as hearsay. Haas did not designate as exhibits any documents which contain the information he wishes the Court to consider. Moreover, even if this information could somehow be presented at trial in admissible form, the price per acre of an adjacent property from a sale almost two years ago is not relevant to the Haases' current ability to tender. Such a fact could possibly be a portion of the basis for an expert witness to render an opinion as to the value of the Haases' property, but standing alone is not relevant under Rule 401, Federal Rules of Evidence.

The fourth sentence of paragraph 23 of the Declaration recites the April 2009 county assessed value of the adjacent property. While a properly authenticated county assessment can

---

[1] The 2010 amendments to Rule 56 do not include a provision identical to the former Rule 56(e) which requires a document used to support or oppose a summary judgment be authenticated through a document or declaration. The Rule 56(c) amendments were not intended to change the forms for providing the required support. See Rule 56(c)(1) Advisory Committee Notes to 2010 Amendments.

be admissible under Federal Rules of Evidence Rule 803(8), no such document has been identified by Haas or designated as an exhibit. *Phelps & Associates v. Galloway*, 492 F.3d 523, 542 (4th Cir. 2007). Such evidence is hearsay and cannot be presented in admissible form at trial. Evidence of the value of an adjacent property is also irrelevant for the reasons stated above.

The sixth sentence of paragraph 23 of the Declaration recites the cost of a school being built on adjacent property. This statement contains hearsay information which cannot be presented in admissible form at trial.

## V. CONCLUSION

For the foregoing reasons, the Counterclaim-Plaintiff, HSC Real Estate Holdings, LLC, respectfully requests that the Court enter an order striking Exhibit 1 as well as the referenced statements from William R. Haas's Declaration.

        Respectfully submitted,

        HSC Real Estate Holdings, LLC
        By Counsel

/s/ Christopher T. Whelan
Paul A. Morrison
Virginia State Bar No. 28007
Christopher T. Whelan
Virginia State Bar No. 33811
31 Garrett Street
Warrenton, Virginia 20186
(540) 347-1000
FAX (540) 349-4422
paul.morrison@hmrwlaw.com
chris.whelan@hmrwlaw.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 29th day of December, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that a true and accurate copy of the foregoing was sent via electronic mail to:

Henry W. McLaughlin
The Law Office of Henry McLaughlin, P.C.
Eighth and Main Building
707 East Main Street, Suite 135
Richmond, Virginia 23219

David H. Moyes, Esquire
Moyes & Associates, P.L.L.C.
21 N. King Street
Leesburg, Virginia 20176

                  /s/ Christopher T. Whelan